IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GEORGE MARTINEAU and
DEBRA MARTINEAU                                                          PLAINTIFFS

v.                                                    CIVIL ACTION # 2:08cv201-KS-MTP

STEVE C. McCRAW, FINANCIAL
CONCEPTS LTD, CENTRAL UNITED
LIFE INSURANCE COMPANY and
JOHN DOE ONE through JOHN DOE FIVE                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion to remand [Doc. # 5] filed by Plaintiffs George Martineau and Debra Martineau. The Plaintiffs contend that this Court lacks subject matter jurisdiction over the case because the parties are not diverse. Defendants Steve C. McCraw, Financial Concepts LTD ("Financial Concepts"), and Central United Life Insurance Company ("Central United") oppose the motion. The Defendants contend that the Plaintiffs improperly joined Defendants McCraw and Financial Concepts in order to defeat diversity jurisdiction. Because the Defendants have failed to demonstrate that there is no possibility of recovery by the Plaintiffs against the Defendants who reside in Mississippi, the motion to remand should be **granted**.

## I. BACKGROUND

The Plaintiffs filed suit in Mississippi state court on August 8, 2008, alleging several claims arising from their purchase of an insurance policy. Pls.' Compl. [Doc. #1-3] (September 10, 2008). Plaintiffs allege that they purchased a cancer and specific disease insurance policy in 1997 from Defendants McCraw and Financial Concepts. *Id.* at ¶¶ 7 - 8. The Plaintiffs allege

that the policy was underwritten by Central United. *Id.* at ¶ 7. Plaintiffs allege a claim against Financial Concepts based on respondeat superior, alleging that McCraw was Financial Concepts' employee at the time he sold the policy to them. *Id.* at ¶ 18.

The Plaintiffs allege that Plaintiff Debra Martineau was diagnosed with and treated for cancer in 2006. *Id.* at ¶ 9. The Plaintiffs allege that they submitted claims for her treatment in accordance with the terms of the policy and that the Defendants "failed to timely and properly pay" the claims. *Id.* at ¶ 10. Accordingly, Plaintiffs allege that Central United is liable to them for wrongfully denying the claims and for breaching the insurance contract in bad faith. *Id.* at ¶¶ 11 - 15. In addition, the Plaintiffs allege, *inter alia*, a claim of negligent misrepresentation against Defendant McCraw. *Id.* at ¶ 19. The Plaintiffs allege that McCraw told the Plaintiffs that the policy would pay 100% of any charges if either Plaintiff was diagnosed with cancer and that Defendant McCraw misrepresented this fact in an effort to sell them the policy and to receive a commission for so doing. *Id.* at ¶¶ 19 - 20.

The Defendants removed the case to federal court on September 10, 2008. Defs.' Remov. Notice [Doc. #1]. The parties do not disagree regarding the residency of any of the parties: they agree that the Plaintiffs are residents of Mississippi, *e.g.*, Defs.' Response at ¶ 3 [Doc. #9] (October 27, 2008), they agree that Defendant Central United is not a Mississippi resident, and the Defendants do not dispute that Defendants McCraw and Financial Concepts are residents of Mississippi. *See* Defs.' Remov. Notice at ¶¶ 9 - 11. In addition, the parties agree that the amount in controversy requirement is satisfied.

In light of the fact that the Plaintiffs and Defendants McCraw and Financial Concepts are Mississippi residents, the Defendants justify removal based on their contention that the Plaintiffs

improperly joined Defendants McCraw and Financial Concepts to destroy diversity jurisdiction. *Id.* The Defendants contend that Stephen T. McCraw – who is not a party to this suit – was actually the agent who sold the Plaintiffs the insurance policy in question, rather than Defendant Steve C. McCraw as the Plaintiffs allege. Ds.' Response at ¶ 9. The Defendants contend that, as a result, the Plaintiffs have no potentially successful claims against either Defendant McCraw or Defendant Financial Concepts. *See id.* The Defendants argue that this Court should therefore disregard the residency of Defendants McCraw and Financial Concepts for the purposes of evaluating whether it has subject matter jurisdiction.

## II. STANDARD OF REVIEW

The Constitution provides, in Article III, § 2, that "the judicial Power [of the United States] shall extend . . . to Controversies . . . between Citizens of different States." The current general-diversity statute permits federal district court jurisdiction over suits for more than $75,000 "between . . . citizens of different States." 28 U.S.C. § 1332(a).

"When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a) . . . ." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

"The doctrine of improper joinder rests on these statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been '*properly* joined.' "

3

*Id.* at 573 (emphasis added). The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.' " *Id.* at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). The Court focuses on the second test because the Defendants do not dispute that McCraw and Financial Concepts are Mississippi residents. *Travis*, 326 F.3d at 647.

"[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. This test is to be employed "[a]fter all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir 2002), *quoted in Travis*, 326 F.3d at 648. The Fifth Circuit has rejected the contention that "any mere theoretical possibility of recovery . . . suffices to preclude removal," instead requiring "arguably a reasonable basis for predicting that state law would allow recovery." *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000), *quoted in Travis*, 326 F.3d at 648. Defendants bear a heavy burden of proving improper joinder. *Smallwood*, 385 F.3d at 576.

Courts in this circuit resolve issues of alleged improper joinder in one of two ways. First, the court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. Ordinarily, this analysis will be determinative. *See id.*

4

However, the "court may, in its discretion, pierce the pleadings and conduct a summary inquiry."
*Id.* Concerning this second method, the Fifth Circuit has

> caution[ed] that a summary inquiry is *appropriate only to identify the presence of discrete and undisputed facts* that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. . . . Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Id.* at 573-74 (emphasis added).

### III. APPLICATION AND ANALYSIS

Based on the foregoing, this Court must grant the instant motion to remand unless it concludes that the Plaintiffs improperly joined Defendants McCraw and Financial Concepts. The Defendants therefore bear the heavy burden of proving that the Plaintiffs have no possibility of recovery against Defendants McCraw and Financial Concepts. As stated, the Court will resolve questions of fact and law in favor of the Plaintiffs if there is an actual dispute.

The Defendants' allegation of improper joinder is predicated on the contention that Defendant McCraw was not the agent who sold the Plaintiffs the insurance policy at issue.[1]

---

[1] The Defendants also argue that Plaintiffs' claims of negligent misrepresentation fail as a matter of law because, under Mississippi law, written contracts cannot be varied by prior oral agreements and that "as a general rule [a person will not ] be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract." Defs.' Br. at 20 [Doc. #10] (October 27, 2008) (citing *Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co.*, 584 So. 2d 1254, 1257 (Miss. 1991)). This argument presupposes several facts for which there is no evidence presently before the Court. For example, the argument requires a finding that Defendant McCraw's alleged misrepresentations

5

Indeed, if the Court were to find this discrete fact in the Defendants' favor, it would be compelled to sustain the Defendants' argument that the Plaintiffs have no reasonable possibility of recovery against Defendants McCraw and Financial Concepts.

To resolve this factual issue, a Rule 12(b)(6)-type analysis will be insufficient;[2] the Court will be required to pierce the pleadings and conduct a summary inquiry. Accordingly, the Court has reviewed the affidavits and exhibits submitted by the parties. *See, e.g.*, Defs.' Exh. A [Doc. #9-2] (October 27, 2008) (affidavit of Defendant McCraw); Defs.' Exh. B [Doc. #9-3] (October 27, 2008) (affidavit of Stephen T. McCraw); Defs.' Exh. D [Doc. #9-5] (October 27, 2008) (application for the insurance policy in question); Pls.' Exh. B [Doc. #5] (October 10, 2008) (affidavit of Plaintiff George Martineau).

The Defendants have submitted strong evidence that Defendant McCraw was not the

---

are expressly contradicted by language in the contract. The Defendants have not carried their heavy burden of proving that this is the case; no portion of the contract that contradicts McCraw's alleged misrepresentations has been presented to the Court.

[2] In order to establish negligent misrepresentation under Mississippi law, the following elements must be proven:

> (1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance.

*Horace Mann Life Ins. Co. v. Nunaley*, 960 So. 2d 455, 461 (Miss. 2007) (citing *Skrmetta v. Bayview Yacht Club, Inc.*, 806 So. 2d 1120, 1124 (Miss. 2002)); *see generally Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."). Having reviewed the Plaintiffs' state court complaint, the Court finds that the Plaintiffs have stated a claim of negligent misrepresentation against Defendant McCraw.

agent who sold the Plaintiffs the insurance policy in question.  For example, Defendant McCraw has submitted a sworn affidavit averring that he did not sell the policy to the Plaintiffs.  Defs.' Exh. A at ¶ 2.  The Defendants have also submitted a sworn affidavit of non-party Stephen T. McCraw in which he avers that he personally met with Plaintiff George Martineau and sold the policy in question to the Plaintiffs.  Defs.' Exh. B at ¶ 3.  Additionally, the Plaintiffs' application for the insurance plan at issue contains non-party Stephen T. McCraw's name, signature, and agent identification number but contains no such information pertaining to Defendant McCraw.  Defs.' Exh. D.

The Plaintiffs have submitted contradictory evidence, however.  Namely, the Plaintiffs have submitted the sworn affidavit of Plaintiff George Martineau.  *See* Pls.' Exh. B.  Martineau avers that Defendant McCraw contacted him regarding the policy in question, solicited Martineau's business, represented that the policy would pay 100% of the expenses for cancer treatment, and sold the policy to the Plaintiffs.  *Id.* at ¶¶ 4 - 5.  Furthermore, Martineau avers that he knows non-party Stephen T. McCraw and that he never dealt with Stephen T. McCraw in connection with the policy.  *Id.* at ¶ 4.

In light of the Plaintiffs' submitted evidence, the Court must find there to be no discrete *and undisputed* fact that would preclude Plaintiffs' recovery against McCraw and Financial Concepts.  The Court is not permitted to weigh the conflicting evidence, but instead must resolve the factual dispute in the Plaintiffs' favor.  Accordingly, for the purposes of resolving the instant motion, the Court finds that the Plaintiffs purchased the insurance policy in question from Defendant McCraw, an employee of Financial Concepts.  Given this finding, along with the additional allegations and evidence reviewed by the Court, the Court must hold that the

Defendants have failed to meet their heavy burden of proving improper joinder. As a result, the motion to remand should be granted.

## IV. CONCLUSION

The critical fact at issue is the identity of the insurance agent who sold the Plaintiffs the cancer and specific disease insurance policy. For the limited purpose of resolving the instant motion to remand, the Court finds that Defendant McCraw sold the policy to the Plaintiffs. Consequently, the Court does not find that Defendants McCraw and Financial Concepts were improperly joined.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [Doc. #5] is **granted**.

SO ORDERED AND ADJUDGED on this, the 14th day of January, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

e